1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

EMILY DIAZ, on behalf of herself and all
other similarly situated,

                                   Plaintiff,

          vs.

FIRST AMERICAN HOME BUYERS
PROTECTION CORPORATION, a
California corporation; DOES 1-25,

                                   Defendant.

CASE NO. 09-CV-0775 H (WMC)

**ORDER GRANTING IN PART
DEFENDANT'S MOTION TO
DISMISS**

On May 6, 2009, Defendant First American Home Buyers Protection Corporation filed a motion to dismiss certain causes of action in Plaintiff's Complaint. (Doc. No. 6.)  On June 1, 2009, Plaintiff filed her opposition to Defendant's motion to dismiss. (Doc. No. 11.)  On June 15, 2009, Defendant filed a reply in support of its motion. (Doc. No. 12.)  On May 29, 2009, the Court submitted the motion to dismiss on the papers under Local Civil Rule 7.1(d)(1). (Doc. No. 10.)  For the following reasons, the Court grants in part Defendant's motion to dismiss.  The Court dismisses Plaintiff's third cause of action and denies leave to amend, dismisses Plaintiff's § 17200 claim to the extent it relies on Defendant's alleged violations of California Insurance Code § 790 et seq. or the CLRA, and dismisses without prejudice Plaintiff's fifth and sixth causes of action.  Except where the Court denies leave to amend, Plaintiff may file an amended complaint no later than **July 24, 2009** curing the highlighted deficiencies.

09cv775

**Background**

Defendant First American Home Buyers Protection Corporation ("First American") is a California corporation in the business of selling home warranty plans providing for the repair or replacement of household appliances that become inoperable due to normal wear and tear during the term of the contract. (Compl. ¶¶ 10, 25.) Plaintiff holds several home warranty plans issued by First American. (Id. ¶ 9.) After Defendant allegedly improperly denied two of Plaintiff's claims, Plaintiff filed a Class Action Complaint in the Superior Court of the State of California for the County of San Diego. (Doc. No. 1.) On April 15, 2009, Defendant removed the action to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d). (Doc. No. 1.)

Plaintiff's Complaint alleges that First American engages in a variety of improper practices in addressing customers' claims. Specifically, Plaintiff alleges that Defendant: improperly delegates claim investigation to third party contractors, denies warranty claims for pretextual reasons, trains employees to deny legitimate warranty claims based on pretextual reasons, financially incentivizes technicians to deny legitimate claims and/or perform substandard repairs, creates economic incentives for contractors to shift the cost or repair or replacement to the customer, hires unqualified and unlicensed technicians, and stalls in authorizing repairs or purchasing necessary equipment. (Compl.) These allegations form the basis of Plaintiff's causes of action for breach of contract, breach of implied covenant of good faith and fair dealing, violation of the California Consumer Legal Remedies Act, violation of California Business & Professions Code § 17200, intentional misrepresentation and concealment, and false promise in violation of California Civil Code § 1710. (Id.)

Defendant moves under Federal Rule of Civil Procedure 12(b)(6) for dismissal of all of Plaintiff's claims except her breach of contract and implied covenant claims.

**Discussion**

**I.     Motion to Dismiss – Legal Standard**

Federal Rule of Civil Procedure 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving

09cv775

1  rise to the claim and the elements of the prima facie case." Bautista v. Los Angeles County,

2  216 F.3d 837, 840 (9th Cir. 2000).  This statement must be sufficient to "give the defendant

3  fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v.

4  Gibson, 355 U.S. 41, 47 (1957). Rule 12(b)(6) provides that a complaint may be dismissed for

5  "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  A

6  complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states

7  insufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc.,

8  749 F.2d 530, 534 (9th Cir. 1984).

9        The Supreme Court has stated that the factual allegations of a complaint must be

10  "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly,

11  127 S. Ct. 1955, 1965 (2007).  A plaintiff must plead more than conclusory allegations to show

12  "plausible liability" and avoid dismissal.  Id. at 1966 n.5.  The Supreme Court has recently

13  reiterated this principle, stating that the pleading standard of Rule 8 "demands more than an

14  unadorned, the-defendant-unlawfully-harmed-me accusation" and a complaint does not suffice

15  "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal,

16  129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 127 S. Ct. at 1966).

17        In general, the scope of review on a motion to dismiss for failure to state a claim is

18  limited to "allegations contained in the pleadings, exhibits attached to the complaint, and

19  matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir.

20  2007).  The Court applies this standard to each of Plaintiff's challenged causes of action.

21  **II.     Plaintiff's Claim Under the California Consumer Legal Remedies Act**

22        Plaintiff's Complaint alleges that Defendant's conduct violates the California Consumer

23  Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq.  (Compl. ¶¶ 50-58.)  Section

24  1780 of the CLRA provides a private right of action to "[a]ny consumer who suffers any

25  damage as a result of the use or employment of any person of a method, act, or practice

26  declared to be unlawful by Section 1770." Cal. Civ. Code § 1780(a).

27        Relying on the provisions of Section 1770, Plaintiff alleges that Defendant

28  "[misrepresented] the source, sponsorship, approval, or certification of goods or services" by

1   improperly delegating claim investigations to third party technicians and failing to conduct a

2   diligent and fair investigation with respect to each claim.  Cal. Civ. Code § 1770(a)(2);

3   (Compl. ¶ 55.)  Plaintiff further alleges that Defendant "[represented] that goods or services

4   have sponsorship, approval, characteristics, ingredients, uses, and benefits which they do not

5   have" when Defendant told customers that repairs would be covered while simultaneously

6   training employees and technicians to deny legitimate claims and shift costs to customers.  Cal.

7   Civ. Code § 1770(a)(5); (Compl. ¶¶ 53, 54.)  Plaintiff alleges that, by these actions, Defendant

8   "[advertised] goods or services with intent not to sell them as advertised."  Cal. Civ. Code

9   § 1770(a)(9); (Compl. ¶ 56.)

10         In its motion to dismiss, Defendant first argues that Plaintiff's CLRA claim is barred

11   because Plaintiff failed to provide Defendant with thirty days notice before filing her

12   Complaint as required by Section 1782(a).  (Mot. at 6.) (citing Laster v. T-Mobile United

13   States, Inc., 407 F. Supp. 2d 1181, 1196 (S.D. Cal. 2007)).  However, while Section 1782(a)

14   imposes this requirement on any "action for damages pursuant to this title," subsection (d)

15   states that "[a]n action for injunctive relief brought under the specific provisions of Section

16   1770 may be commenced without compliance with subdivision (a).  Cal. Civ. Code § 1782(d).

17   While Court recognizes that Plaintiff may not obtain damages under CLRA unless it can show

18   compliance with Section 1782, Plaintiff's third cause of action requests only injunctive relief.

19   (Compl. ¶ 58.)  Accordingly, the Court declines to dismiss Plaintiff's CLRA claim on this

20   ground.

21         Defendant next argues that Plaintiff cannot state a claim under the CLRA because the

22   warranty plans offered by First American are not "goods or services" under the statute.  Cal.

23   Civ. Code § 1770(a); (Mot. at 7-9.)  The CLRA defines "goods" as "tangible chattels bought

24   or leased for use primarily for personal, family, or household purposes, including certificates

25   or coupons exchangeable for these goods, and including goods that, at the time of the sale or

26   subsequently, are to be so affixed to real property as to become a part of real property, whether

27   or not they are severable from the real property."  Cal. Civ. Code § 1761(a).  Because the home

28   warranty plans are not tangible chattels, they must qualify as services under the CLRA in order

1   for the statute to apply.  Consistent with California statutory and case law, the Court concludes

2   that Defendant's home warranty plans are not "services" under the CLRA for the following

3   reasons.

4        The CLRA defines "services" as "work, labor, and services for other than a commercial

5   or business use, including services furnished in connection with the sale or repair of goods."

6   Cal. Civ. Code § 1761(b).  Recently, the California Supreme Court has considered whether life

7   insurance fits this definition.  Fairbanks v. Superior Court, 205 P.3d 201 (Cal. 2009).  While

8   the Fairbanks court limited its holding to life insurance, its reasoning similarly applies to the

9   home warranty plans issued by First American.  In that case, the Court examined the legislative

10  history of the CLRA, noting that it was adapted largely from a model law, the National

11  Consumer Act, proposed by the National Consumer Law Center at Boston College.  Id. at 203-

12  04 (citing Assemb. Comm. on Judiciary, analysis of Assemb. B. No. 292 (1970 Reg. Sess.)

13  Apr. 20, 1970, p.1).  That model law applied to insurance, expressly including insurance in its

14  definition of "services."  Id. (citing Nat'l Consumer Act (Nat'l Consumer Law Ctr. 1970) §

15  1.301(37)).  The California Legislature, though, omitted the reference to insurance in the

16  definition of "services" under the CLRA.  Fairbanks, 205 P.3d at 204.  It is a well-settled rule

17  in statutory interpretation that "deleting a specific provision from a proposed law generally

18  reflects an intent that the law not be construed to include the omitted provision."  Id. (citing

19  Berry v. Am. Express Publ'g, Inc., 54 Cal. Rptr. 3d 91, 95 (Cal. Ct. App. 2007)).

20       Additionally, the Fairbanks court examined a definition of "services" from a different

21  statute, the California Unruh Act, Cal. Civ. Code § 1801 et seq.  Fairbanks, 54 Cal. Rptr. 3d

22  at 204.  The Unruh Act defines "services" as "work, labor and services, for other than a

23  commercial or business use, including services furnished in connection with the sale or repair

24  of goods . . . or the providing of insurance."  Cal. Civ. Code § 1802.2.  The California Supreme

25  Court "presume[d] the Legislature was aware of this Unruh Act definition when it set about

26  defining the same word in the Consumers Legal Remedies Act."  Fairbanks, 54 Cal. Rptr. 3d

27  at 204.  "The use of different language in otherwise parallel provisions supports an inference

28  that a difference in meaning was intended."  Id. (citation omitted).  Based on the Fairbanks

1   court's analysis, the Court concludes that the California Legislature intended to exclude

2   insurance from the CLRA's definition of covered services.

3          Plaintiff argues that Defendant's warranty plans are not insurance plans exempt from

4   CLRA coverage. (Opp. at 6-10.) In support of this argument, Plaintiff cites <u>Truta v. Avis Rent</u>

5   <u>A Car Sys., Inc.</u>, 238 Cal. Rptr. 806 (Cal. Ct. App. 1987).  Holding that car rental companies

6   did not engage in the unauthorized practice of insurance by providing collision damage

7   waivers to customers, the <u>Truta</u> court provided the following guidance: "In analyzing whether

8   a contract constitutes insurance" courts should consider whether "the elements of risk

9   transference and risk distribution" were "a central and relatively important element of the

10  transactions or instead merely incidental to other elements that gave the transactions their

11  distinctive character."  <u>Id.</u> at 812 (quotation omitted); <u>see also</u> <u>Title Ins. Co. v. State Bd. of</u>

12  <u>Equalization</u>, 4 Cal. 4th 715, 726 (1992) (same).  In <u>Truta</u>, the court concluded that the car

13  rental companies were not issuing insurance under the insurance code because the "principal

14  object and purpose of the transaction" before them, "the element which gives the transaction

15  its distinctive character," was the rental of an automobile.  <u>Id.</u> at 813.

16         In contrast, the transfer of risk involved in First American's home protection warranties

17  is not merely incidental to other more distinctive elements of the transactions.  Instead, that

18  risk transference is a central and relatively important element of the warranties.  Accordingly,

19  the Court is not convinced that Defendant's warranty plans are not insurance.

20         Moreover, the California Insurance Code lists the home protection contract under

21  "Classes of Insurance" and defines it as "a contract or agreement whereby a person, other than

22  a builder, seller, or lessor of the home which is the subject of the contract, undertakes for a

23  specified period of time, for a predetermined fee, to repair or replace all or any part of any

24  component, system or appliance of a home necessitated by wear and tear, deterioration or

25  inherent defect, arising during the effective period of the contract . . . ."  Cal. Ins. Code

26

27

28

09cv775

1   § 12740(a).  Defendant's warranty plans fit squarely within this definition.[1]

2   Accordingly, the Court concludes that Plaintiff cannot state a claim for violation of the

3   CLRA based on Defendant's practices in connection with the sale of its home warranty plans.

4   The Court dismisses Plaintiff's third cause of action and denies leave to amend, as amendment

5   would be futile.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

6   **III.    Plaintiff's § 17200 Unfair Competition Law Claim**

7   Plaintiff's fourth cause of action alleges that Defendant's conduct violated § 17200 of

8   the California Business and Professions Code.  (Compl. ¶¶ 59-68.)  California's unfair

9   competition law is broad in scope.  Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,

10  20 Cal. 4th 163, 180 (1999).  Instead of proscribing specific acts, it defines "unfair

11  competition" to include "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus

12  & Prof. Code § 17200.  This language covers "anything that can properly be called a business

13  practice and that at the same time is forbidden by law."  Rubin v. Green, 4 Cal. 4th 1187, 1200

14  (1993) (quotation omitted).  Thus, the statute effectively "borrows violations of other laws and

15  treats them as unlawful practices" that are "independently actionable."  Cel-Tech, 20 Cal. 4th

16  at 180 (quotation omitted).  In addition, § 17200 may penalize a practice as "unfair" or

17  "fraudulent" even if that practice is otherwise lawful.  Id.  The statute also proscribes "unfair,

18  deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.

19  Defendant argues that Plaintiff's § 17200 claim is barred because it is based on alleged

20  violations of the California Unfair Insurance Practices Act ("UIPA") – a statute that provides

21  no private right of action.  (Mot. at 3-5.)  Defendant is correct to the extent Plaintiff's § 17200

22  claim is based on violations of California Insurance Code § 790 et seq.  The California

23  Supreme Court has held that there is no private right of action under the UIPA.  Moradi-Shalal

24  v. Fireman's Fund Ins. Cos., 46 Cal. 3d 287, 304 (1988).  Instead, violations of the statute

25  should be addressed through sanctions imposed by the Insurance Commissioner.  Id.  More

26  recently, California courts have relied on Moradi-Shalal to hold that plaintiffs may not sue

27

28      [1]  Additionally, while Plaintiff argues that Defendant's plans are not insurance (Opp.
at 7-8.), Plaintiff's Complaint repeatedly alleges that Defendant has violated multiple sections
of the California Insurance Code and related regulations.  (Compl. ¶¶ 4, 64, 65, 66.)

insurers under § 17200 based on conduct constituting "the type of activities covered by the UIPA." <u>Textron Fin. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh</u>, 13 Cal. Rptr. 3d 586, 594 (Cal. Ct. App. 2004); <u>see also</u> <u>Safeco Ins. Co. v. Superior Court</u>, 265 Cal. Rptr. 585, 587 (Cal. Ct. App. 1990) ("the Business and Professions Code provides no toehold for scaling the barrier of <u>Moradi-Shalal</u>").

In this case, several alleged violations of the UIPA form the primary basis of Plaintiff's § 17200 claim. (Compl. ¶¶ 64, 65, 66.) In light of the <u>Moradi-Shalal</u> line of cases, the Court concludes that such violations cannot create liability under the Unfair Competition Law. Plaintiff's fourth cause of action is also based in part on Defendant's alleged violation of the CLRA. (Compl. ¶ 68.) However, the Court has already dismissed Plaintiff's CLRA claim. Accordingly, the Court dismisses Plaintiff's § 17200 claim to the extent it relies on Defendant's alleged violations of California Insurance Code § 790 et seq. or the CLRA.[2]

However, Plaintiff's § 17200 claim is also based on breach of contract. (Compl. ¶ 67.) In <u>Moradi-Shalal</u>, the California Supreme Court stated that insurers are still vulnerable to suit by customers based on common law theories such as breach of contract and breach of the implied covenant of good faith and fair dealing. 46 Cal. 3d at 304-05. The Unfair Competition Law may penalize a practice as "unfair" or "fraudulent" even if that practice is otherwise lawful. <u>Rubin</u>, 4 Cal. 4th at 1200. Defendant has not shown why conduct constituting a contract breach may not also form the basis of a § 17200 claim. Moreover, Defendant does not argue that Plaintiff's Complaint fails to state a cause of action for "unfair, deceptive, untrue or misleading advertising" in violation of the statute. Cal. Bus. & Prof. Code § 17200.

Finally, Defendant argues that Plaintiff's fourth cause of action is precluded under the doctrine that courts will not impose an equitable remedy where plaintiff has an adequate remedy at law. (Mot. at 5.) In the context of unfair competition claims, Defendant relies on

---

[2] California courts sometimes allow § 17200 actions against insurers for conduct governed by the UIPA where the alleged conduct also violated another statute that did provide a private right of action. <u>See, e.g.</u>, <u>Manufacturers Life Ins. Co. v. Superior Court</u>, 895 P.2d (Cal. 1995). Accordingly, the Court's ruling is without prejudice to Plaintiff's opportunity to show that Defendant's alleged conduct violating the UIPA also violated another statute with a private right of action. At this stage, Plaintiff has made no such showing, and dismissal is proper.

1    Prudential Home Mortgage Co. v. Superior Court, 78 Cal. Rptr. 2d 566 (Cal. Ct. App. 1998).

2    However, the Prudential court denied injunctive relief only because another statute explicitly

3    provided backup methods for accomplishing the plaintiffs' goal.  Id. at 574.  In this case,

4    Defendant has not shown that Plaintiff's request for injunctive relief and restitution is more

5    properly brought under another statute.

6          Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's fourth cause

7    of action to the extent it does not rely on violations of the UIPA.

8    **IV.   Plaintiff's Claims for Intentional Misrepresentation, Concealment, and False**

9    **Promise**

10          Plaintiff's fifth and sixth causes of action assert causes of action for intentional

11   misrepresentation, concealment, and false promise.  (Compl. ¶¶ 69-86.)  The intentional

12   misrepresentation and false promise claims are based on two statements allegedly found in

13   Defendant's warranty plan.  (Id. ¶¶ 70, 71.)  Defendant allegedly represented: "From the very

14   first day your coverage begins, your budget and home will be safe-guarded against costly,

15   unexpected expenses for repairs and replacements on many of your home's most critical

16   systems and appliances."  (Id. ¶ 70.)  According to Plaintiff, Defendant's plan also promises:

17          No more hassles searching the yellow pages for a reputable contractor you can

18          trust.   Anytime  a  covered  item  fails,  simply  go  to  our  website  at

19          www.FirstAm.com/warranty or call 800-922-3400 to request service.  We'll

20          send one of our pre-screened, certified, service technicians to your home to take

21          care of the problem.  You can feel comfortable about who's coming into your

22          home and you can get back to enjoying the more important things in life.

23   (Id. ¶ 71.)  Plaintiff argues that these representations were false because Defendant actively

24   avoids its obligations under the contract, uses unlicensed technicians, and encourages them to

25   pass costs on to the customer.  Plaintiff further argues that Defendant concealed material facts

26   by failing to disclose these bad practices to customers.  (Id. ¶ 69-78.)

27   / / /

28          Under California law, the elements of fraud are: (1) a misrepresentation (false

1    representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent

2    to defraud; (4) justifiable reliance; and (5) resulting damage.  In re Estate of Young, 72 Cal.

3    Rptr. 3d 520, 533 (Cal. Ct. App. 2008).  Plaintiffs alleging fraud claims must "state with

4    particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Beyond requiring

5    allegations of the necessary elements, the Ninth Circuit has interpreted Rule 9(b) to require that

6    the plaintiff "set forth what is false or misleading about a statement, and why it is false."

7    Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999).

8           In this case, Plaintiff fails to adequately plead facts showing that the statements in

9    question were false – or even capable of falsity.  "[G]eneralized, vague and unspecific

10   assertions" are not actionable in fraud or misrepresentation claims.  Glen Holly Entm't, Inc.

11   v. Tektronix Inc., 343 F.3d 1000, 1015 (9th Cir. 2003).  Defendant's alleged statements contain

12   no concrete representations concerning objective and measurable facts.  Plaintiff has not shown

13   that these statements are the sort upon which a reasonable consumer could rely.  Id.

14   Accordingly, the Court concludes that Plaintiff has failed to state a claim for intentional

15   misrepresentation and false promise.

16          In connection with Plaintiff's concealment claim, Defendant argues that it had no duty

17   to disclose the facts in question.  Buckland v. Threshold Enters., Ltd., 66 Cal. Rptr. 3d 543,

18   548 (Cal. Ct. App. 2007) ("[T]o establish fraud through nondisclosure or concealment of facts,

19   it is necessary to show that the defendant was under a legal duty to disclose them.").  Under

20   California law,

21          There are four circumstances in which nondisclosure may constitute actionable

22          fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2)

23          when the defendant had exclusive knowledge of material facts not known to the

24          plaintiff; (3) when the defendant actively conceals a material fact from the

25          plaintiff; and (4) when the defendant makes partial representations but also

26          suppresses some material facts.

27   LiMandri v. Judkins, 60 Cal. Rptr. 2d 539, 543 (Cal. Ct. App. 1997) (quotation omitted).

28   Plaintiff has not pled the existence of a fiduciary relationship between First American and its

customers.  Nor does the Complaint allege facts that would overcome the general rule that "there is no fiduciary owed duty in a purely commercial situation."  <u>McCann v. Lucky Money, Inc.</u>, 29 Cal. Rptr. 3d 437, 449 (Cal. Ct. App. 2005).  Plaintiff has also not alleged that undisclosed material facts were exclusively within Defendant's knowledge.  In fact, Plaintiff's Complaint states that the "Internet is littered with consumer complaints" regarding Defendant's alleged bad practices.  (Compl. ¶ 3.)  Though Plaintiff may be able to state a claim based on active concealment or partial disclosure, the Complaint fails to allege sufficient facts under either theory.

Because Plaintiff's fifth and sixth causes of action fail to meet the pleading requirements of Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure, the Court dismisses these claims without prejudice.

### Conclusion

Accordingly, the Court dismisses Plaintiff's third cause of action and denies leave to amend, dismisses Plaintiff's § 17200 claim to the extent it relies on Defendant's alleged violations of California Insurance Code § 790 et seq. or the CLRA, and dismisses without prejudice Plaintiff's fifth and sixth causes of action.  Except where the Court denies leave to amend, Plaintiff may file an amended complaint no later than **July 24, 2009** curing the highlighted deficiencies.

IT IS SO ORDERED.

DATED: June 22, 2009

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

09cv775