# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY DIAZ, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br>   vs.<br>FIRST AMERICAN HOME BUYERS PROTECTION CORPORATION, a California corporation,<br><br>                    Defendant. | CASE NO. 09-CV-0775 H (WMC)<br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION** |

On July 8, 2011, Plaintiff Emily Diaz ("Plaintiff") filed a motion for class certification in this case. (Doc. No. 87.) On August 8, 2011, Defendant First American Home Buyers Protection Corporation ("Defendant" or "First American") filed its response in opposition to Plaintiff's motion for class certification. (Doc. No. 92.) On August 15, 2011, Plaintiff filed her reply. (Doc. No. 98.) The Court held a hearing on the matter on August 22, 2011, and on September 2, 2011. Jill Sullivan, Frances Bottini and Edward Chapin appeared on behalf of Plaintiff. Joel Siegel, Paul Kakuske and Edward Swan appeared on behalf of Defendant. For the following reasons, the Court denies Plaintiff's motion for class certification.

## **BACKGROUND**

Plaintiff's Second Amended Complaint against Defendant First American Home Buyers Protection Corporation ("First American") alleges causes of action for breach of contract;

breach of the implied covenant of good faith and fair dealing; intentional and negligent misrepresentation in violation of California Civil Code § 1710; and false promise in violation of California Civil Code § 1710(4). (Doc. No. 38, SAC.) Plaintiff alleges that Defendant is a California corporation in the business of selling home warranty plans providing for the repair or replacement of household appliances that become inoperable due to normal wear and tear during the term of the contract. (SAC ¶¶ 2, 24.) Plaintiff holds several home warranty plans issued by First American. (Id. ¶ 10.) Plaintiff challenges First American's practices in addressing customers' claims. (SAC ¶¶ 31-40.) Plaintiff also alleges that Defendant's home warranty contract and written advertisements contain misrepresentations. (Id. ¶ 41.) Plaintiff alleges that Defendant wrongfully denied two of her claims. (Id. ¶ 28.) Plaintiff alleges that in March 2008, Defendant's contractor refused to fix a blockage in her sewer main line on the basis that the blockage was caused by a foreign object. Plaintiff alleges that in December 2008, Defendant refused to repair a leaking water heater. (Id. ¶ 29.) Defendant First American disputes Plaintiff's claims. Specifically, Defendant argues that Plaintiff's claims did not arise from normal wear and tear, and thus were not covered by her home warranty contract. Defendant also points out that Plaintiff could not have relied on the alleged misrepresentations, because she did not purchase the home warranty plan herself. (Doc. No. 92 at 9.)

Plaintiff brought this action on behalf of a nationwide class consisting of "all persons and entities in the United States who, during the period from approximately March 6, 2003, through the present ("the Class Period"), purchased, and/or made a claim under, a home-warranty policy issued by Defendant First American Home Buyers Protection Corporation." (Doc. No. 87-1 at 9.) Plaintiff's motion for class certification alleges that First American provides no training to its contractors in fair claims handling practices, in violation of California Insurance Code § 790.03(h)(3) and Cal. Code Reg. § 2695.6. Plaintiff seeks certification of two classes: (1) a damages class under Rule 23(b)(3); and (2) a class for injunctive relief under Rule 23(b)(2). (Id.) Like the court in Campion v. Old Republic Home Prot. Co., Inc., 272 F.R.D. 517 (S.D. Cal. 2011), the Court denies class certification.

///

# DISCUSSION

## I. Class Certification Standards

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" Wal–Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2550 (2011) (citing Califano v. Yamasaki, 442 U.S. 682, 700–01 (1979)). To qualify for the exception to individual litigation, the party seeking class certification must provide facts sufficient to satisfy the requirements of Federal Rules of Civil Procedure 23(a) and (b). Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001); Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1308–09 (9th Cir. 1977). Rule 23(a) requires Plaintiff to demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Rule 23(b)(3) requires the Court to find that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

"What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." Wal–Mart Stores, Inc., 131 S. Ct. at 2551 (quotation omitted). The district court must conduct a rigorous analysis to determine whether the prerequisites of Rule 23 have been met. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982). It is a well-recognized precept that "the class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 (1978) (quoting Mercantile Nat'l Bank v. Langdeau, 371 U.S. 555, 558 (1963)). However, "[a]lthough some inquiry into the substance of a case may be necessary to ascertain satisfaction

of the commonality and typicality requirements of Rule 23(a), it is improper to advance a decision on the merits at the class certification stage." Moore v. Hughes Helicopters, Inc., 708 F.2d 475,480 (9th Cir. 1983) (citation omitted); see also Nelson v. United States Steel Corp., 709 F.2d 675, 679–80 (11th Cir.1983) (plaintiff's burden "entails more than the simple assertion of [commonality and typicality] but less than a prima facie showing of liability") (citation omitted). Rather, the court's review of the merits should be limited to those aspects relevant to making the certification decision on an informed basis. See Fed. R. Civ. P. 23 advisory committee notes. If a court is not fully satisfied that the requirements of Rules 23(a) and (b) have been met, certification should be refused. Falcon, 457 U.S. at 161.

**II. Requirements of Rule 23(a)**

**A. Numerosity**

Rule 23(a)(1) requires the proposed class to be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticability does not mean impossibility," rather the inquiry focuses on the difficulty or inconvenience of joining all members of class. Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913-914 (9th Cir. 1964). In determining whether numerosity is satisfied, the Court may consider reasonable inferences drawn from the facts before it. Gay v. Waiters' & Dairy Lunchmen's Union, 549 F.2d 1330, 1332 n.5 (9th Cir. 1977).

Plaintiff and Defendant agree that numerosity is satisfied by the proposed class. (Doc. Nos. 87-1 at 9; 87-2 at 4-5; 92.) The Court concludes that Plaintiff sufficiently demonstrated that joinder of all class members would be impracticable due to the large number of individuals who bought or made claims under the Defendant's policy.

**B. Commonality**

"Commonality is satisfied by "the existence of shared legal issues with divergent factual predicates" or a "common core of salient facts coupled with disparate legal remedies within the class." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019-20 (9th Cir. 1998). All questions of fact and law need not be common to satisfy the rule. Id. The named Plaintiff need only share at least one question of fact or law with the prospective class. Rodriguez v. Hayes, 591

F.3d 1105, 1122 (9th Cir. 2010) (citing Baby Neal for & by Kanter v. Casey, 43 F.3d 48, 56 (3rd Cir. 1994)).

Plaintiff contends that several issues of law and fact are in common between the Plaintiff and the proposed class, including: (1) Plaintiff is the holder of a home warranty plan issued by Defendant; (2) Plaintiff made a claim under the home warranty plan during the Class Period; (3) Plaintiff and all class members were damaged by the same wrongful conduct of Defendant; (4) the relief sought is common to the class; (5) whether Defendant issued home warranty plans to Plaintiff and the class; (6) whether Plaintiff and the class purchased First American home warranty plans during the Class Period; (7) whether Plaintiff and the class made claims under the home warranty plans during the Class Period; (8) whether Defendant breached the implied covenant of good faith and fair dealing implied in the home warranty contracts; (9) whether Defendant committed promissory fraud in connection with the sale of home warranty contracts; (10) whether class-wide declaratory and/or injunctive relief is appropriate, and if so, the proper measure of the relief. (Doc. No. 87-2 at 6.)

Commonality under rule 23(a)(2) only requires there be some common issues of fact and law. Keilholtz v. Lennox, 268 F.R.D. 330, 337 (N.D. Cal. 2010). Here, the claims made on behalf of the proposed class in this case are based on a common theory of liability. Thus, Rule 23(a)(2)'s commonality requirement is satisfied.

**C. Typicality**

Plaintiff argues that her claims are typical of those of the proposed class, because she is situated identically to all other Class Members, since she purchased First American home warranty plans and made claims under the policies. (Doc. No. 87-2 at 6.) In opposition, Defendant argues that Plaintiff's claims are atypical, because she is subject to unique defenses, such as an unclean hands defense and spoliation of evidence. Defendant points out that Plaintiff never relied on any alleged misrepresentations prior to receiving her plan, because she did not purchase the plan herself. (Doc. No. 92 at 19-20.) Defendant contends that Plaintiff's claims are not typical because of the circumstances relating to the purchase of the warranty plans, namely, that Plaintiff received her policy through escrow, instead of purchasing it

directly from Defendant.

Rule 23(a)(3) requires the representative party to have claims or defenses that are "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied "when each class member's claim arises from the same course of events, and each class members makes similar legal arguments to prove the defendants' liability." Rodriguez, 591 F.3d at 1124 (citations omitted). The typicality requirement is "permissive and requires only that the representative's claims are reasonably co-extensive with those of the absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. However, "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir.1992) (citations omitted). The defense of non-reliance is generally not "a basis for denial of class certification." Id.

The Court concludes that Plaintiff's claims are "reasonably co-extensive with those of absent class members" for purposes of Rule 23(a)(3). Hanlon, 150 F.3d at 1020. Here, Plaintiff's and the proposed class members' claims are based on the allegation that Defendant relegated claims adjustment to non-employee contractors. (See Doc. No. 98 at 3-4.) The unique facts pertaining to Plaintiff's purchase of the warranty plan are more appropriately addressed under the predominance requirement of Rule 23(b). Accordingly, the Court concludes that the typicality requirement is satisfied.

**D. Adequacy of Representation**

Rule 23(a) also requires the representative parties to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Ninth Circuit set a two-prong test for this requirement: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Staton v. Boeing Co., 327 F.3d 938, 957 (9th Cir. 2003) (citing Hanlon, 150 F.3d at 1020).

Defendant argues that Plaintiff is not an adequate class representative, because Plaintiff, in an effort to bolster her chances for certification, is seeking only restitution, as opposed to

damages. (Doc. No. 92 at 19.) Defendant points out that putative class members may not obtain any restitution under Plaintiff's formula, because many of them did not pay the premiums themselves, and any restitution may be offset by the value of the benefits they received for the claims that were covered. Plaintiff argues that the requested relief of restitution does not compromise the interests of the class, because class members who want out-of-pocket damages are free to opt out. (Doc. No. 98 at 3.) Additionally, Plaintiff notes that she is free to decline to pursue available claims of damages. "Plaintiffs are permitted to press a theory of contract liability that affords them the best chance of certification and of success on behalf of the class." In re Conseco Life Ins. Co. LifeTrend Ins. Sales & Mktg Litig., 270 F.R.D. 521, 532 (N.D. Cal. 2010). Defendant does not contend that there is a conflict between Plaintiff and her counsel of record, or that Plaintiff will not vigorously prosecute this case on behalf of the class. Defendant's other arguments are better addressed under the predominance requirement discussed below. The Court concludes that Plaintiff and her counsel would adequately represent the putative class.

**II.     Requirements of Rule 23(b)(3)**

In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is appropriate under Rule 23(b)(1), (2) or (3). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997). Certification under Rule 23(b)(3) is proper "whenever the actual interests of the parties can be served best by settling their differences in a single action." Hanlon, 150 F.3d at 1022 (internal quotations omitted). Rule 23(b)(3) calls for two separate inquiries: (1) do issues common to the class "predominate" over issues unique to individual class members, and (2) is the proposed class action "superior" to other methods available for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3); Hanlon, 150 F.3d at 1022. In evaluating predominance and superiority, the Court must consider: (1) the extent and nature of any pending litigation commenced by or against the class involving the same issues; (2) the interest of individuals within the class in controlling their own litigation; (3) the convenience and desirability of concentrating the litigation in a particular forum; and (4) the manageability of the class action. Fed. R. Civ. P. 23(b)(3)(A)-(D); Amchem

Products, Inc. v. Windsor, 521 U.S. 591, 615-16 (1997).

### A. Predominance

The predominance analysis under Rule 23(b)(3) is more stringent than the commonality requirement of Rule 23(a)(2). The analysis under Rule 23(b)(3) "presumes that the existence of common issues of fact or law have been established pursuant to Rule 23(a)(2)." Hanlon, 150 F.3d at 1022. In contrast to Rule 23(a)(2), "Rule 23(b)(3) focuses on the relationship between the common and individual issues." Id. Class certification under Rule 23(b)(3) is proper when common questions present a significant portion of the case and can be resolved for all members of the class in a single adjudication. Id. "In order to satisfy the predominance requirement, a plaintiff must demonstrate that the claims are 'capable of proof at trial through evidence that is common to the class rather than individual to its members.'" Campion v. Old Republic Home Prot. Co., Inc., 272 F.R.D. 517, 528 (S.D. Cal. 2011) (quoting In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 311–312 (3rd Cir. 2008)).

### 1. Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing

The elements of a cause of action for breach of contract under California law are: (1) the existence of a contract; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's breach, and (4) damages to the plaintiff as a result of the breach. CDF Firefighters v. Maldonado, 70 Cal. Rptr. 3d 667, 679 (Ct. App. 2008). A cause of action for breach of the implied covenant of good faith and fair dealing flows from the contract's existence and prohibits either party to a contract from doing "anything which will injure the right of the other to receive the benefits of the agreement." Tilbury Constructors, Inc. v. State Comp. Ins. Fund, 40 Cal. Rptr. 3d 392, 396 (2006).

Plaintiff alleges that Defendant breached the express terms and implied covenant of the warranty plans by creating a common scheme that allows unlicensed third party service technicians to perform claims adjusting activities without providing them with proper training as required under California law, Cal. Ins. Code § 790.03(h)(3) and Cal. Code Reg. § 2695.6. Plaintiff argues that this constitutes a breach of the express term of the contracts, pursuant to

1 | which Defendant promises to make the coverage decisions itself.

2 | In opposition, Defendant submits evidence that it only hires licensed contractors, and that these contractors do not make the claims adjustment decisions. (Doc. No. 92-3, Kaszyinski Decl. ¶ 4-5, 9.) Defendant offers evidence that First American requires each of its independent contractors to be licensed in the appropriate trade, and that its independent contractors are not authorized to deny claims, but instead must report to First American's authorization department which in turn ascertains the terms and conditions of coverage of the customer's plan and determines whether or not the claim should be denied. (Kaszyinski Decl. ¶ 9.) Defendant offers evidence that no claim can be denied unless the contractor calls First American, at which time First American's authorization department can deny the claim. (Id.) Defendant offers evidence that First American trains its contractors to call First American's authorization department concerning coverage. (Id. ¶ 9.)

Defendant also argues that Plaintiff has not sufficiently shown that Defendant implemented a common scheme to deny valid claims, or any class-wide evidence of a breach of contract. Defendant points out that the class members would still need to prove that it was the policy that resulted in denial of their claims. (Doc. No. 92 at 26.) Defendant offers evidence that approximately 96% of the claims made are covered, and approximately 52% of its plan holders never make a claim under their plan. (Doc. No. 92-2, Miles Barry Decl. ¶¶ 10-11.) As to the 4% of claims that were denied, the Court concludes that an inquiry would have to be conducted on an individualized basis to determine whether claims were wrongfully denied in order to determine whether Defendant breached the terms of the home warranty plans at issue. See Campion, 272 F.R.D. at 530. For example, in case of Plaintiff Diaz's sewage backup claim, the Court would be required to hear testimony from First American's expert who opined that the stoppage was caused by improper flushing of foreign objects, and by Diaz's failure to maintain the sewer line. (Doc. No. 92-9, John Irwin Decl., Ex. 1.) Plaintiff Diaz would likely contest this through the testimony of her expert. Defendant contends that Diaz would be subject to the unclean hands and spoliation of evidence defenses, which would necessitate a claim-by-claim inquiry into the alleged breach by the Court. Additionally, with

regard to Plaintiff Diaz's claim, Defendant points out that Plaintiff failed to identify any specific Fair Claims Settlement Practices Regulations that were violated. Diaz has not alleged that her claims were denied not "in writing," or that denial occurred not within 40 days, as required by 10 Cal. Code Regs. § 2695.7(b)(1).

Plaintiff argues that the predominance of common issues of fact and law is satisfied here, because Defendant used a form agreement with the class, and breached this form agreement through standardized, uniform conduct. (Doc. No. 87-3 at 4-5.) Defendant responds that individual issues predominate over common questions of law or fact, because Defendant's contracts vary from state to state and year to year. ( Doc. No. 92. at 25.) Defendant offers evidence of substantial variation in each individual plan holder's coverage based on state and year. (Doc. No. 92-2, Miles Barry Decl. ¶¶ 7-8 & Ex. C.) Defendant points out that each homeowner's plan will differ depending on the specific level of optional coverage purchased, for example, coverage for pool/spa equipment, sewage ejector pumps, or roof leak coverage.

The Court notes that Plaintiff had an opportunity to conduct discovery, and discovery in this case is now closed. Despite this, Plaintiff failed to present sufficient facts to support her theory of a common scheme to delegate claims adjustment to third-party contractors. Additionally, Plaintiff's allegations, without more, do not support a class-wide claim for breach of contract or implied covenants. See Newell v. State Farm Gen. Ins. Co., 13 Cal. Rptr. 3d 343, 350 (Ct. App. 2004) (finding that despite alleged scheme by insurer to limit liability on earthquake claims and use of improper claims practices, "each putative class member could still recover for breach of contract ... only by proving his or her claim was wrongfully denied, in whole or in part, and the insurer's action in doing so was unreasonable"); Basurco v. 21st Century Ins. Co., 133 Cal. Rptr. 2d 367, 374 (Ct. App. 2003) (class certification properly denied, in light of individual assessment required of property, damages sustained, and actual claims practices employed). Plaintiff does not allege that First American failed to deny any claims in writing, or to "accept or deny" claims within 40 days, as required by the California Fair Claims Settlement Practices Regulations, § 2695.7(b)(1). It is undisputed that First

American conducts annual training for its employees on the Fair Claims Settlement Practices Regulations, and performs monthly audits. (Doc. No. 92-4, Nagasawa Decl. ¶ 2.) The Court concludes that the common issues related to Plaintiff's and putative class members' contract claims do not predominate over the individual issues. Plaintiff's claims are not susceptible to class-wide treatment, because their resolution requires a claim-by-claim investigation of the facts underlying every individual homeowner's claim, including the scope of contract coverage, whether the homeowner read and relied on the contract, the particular repair at issue, the homeowner's actions and the contractor's response, Defendant's response, the amount of premiums or service fees paid, and who paid them. Campion, 272 F.R.D. at 531-32. Because the Court would need to conduct an individualized inquiry to determine whether class members whose claims were denied were wrongfully denied, the individual issues would overwhelm the issues common to the class. Wal-Mart Stores, Inc., 131 S. Ct. at 2556-57; Campion, 272 F.R.D. at 531-32. The Court concludes that the contract-based claims should not be certified.

### 2. Misrepresentation and False Promise

Plaintiff alleged claims under Cal. Civil Code §§ 1710(1) and (2) for intentional and negligent misrepresentation, and under Cal. Civil Code §1710(4) for false promise. (SAC.) Defendant challenges the certification of Plaintiff's misrepresentation claims, arguing that it will require individualized inquiry into whether (1) the class member's plan contained the alleged misrepresentation; (2) the class member actually read the misrepresentation prior to purchasing the plan; (3) the class member's claim was improperly denied; and (4) the denial was related to the coverage addressed in the alleged misrepresentation. Defendant argues that the issue of restitution will require the Court to conduct individualized inquiry into how the plan holder can be restored to the "status quo ante."

Plaintiff's causes of action for misrepresentation and false promise are based on the following contractual provision:

> This contract provides coverage for unknown defects if the defect or malfunction would not have been detectable to the buyer, seller, or agent through visual inspection or simple mechanical test. This contract provides coverage for systems and appliances which malfunction due to lack of

maintenance, rust or corrosion, or chemical or sedimentary buildup.

(SAC ¶ 41(a).) Plaintiff alleges that the same written misrepresentations are included in every contract issued by Defendant. (Doc. No. 87-4 at 2.) Defendant argues that this contractual provision is not suitable for class-wide treatment, because it was not included in the majority of the home warranty plans. Defendant offers evidence that of the 1320 different contract forms used nationwide during the class period, only 147–or approximately 11%– contained both of the two sentences. (Doc. No. 92-6 at 2, Jimenez Decl. ¶¶ 2-3.) Less than 1% (8 contract forms, including the form obtained by Plaintiff) contained the first sentence, and approximately 88% of the contract forms did not contain either sentence. (Jimenez Decl. ¶ 3; Siegel Decl. ¶ 6 & Ex. E.) Defendant contends that the absence of a uniform contract alone defeats a showing of predominance. In her reply, Plaintiff argues that her class-wide claims are supported by her allegation of Defendant's material omission regarding its relegation of claims adjustment to non-employee contractors with no training in claims adjustment. (Doc. No. 98 at 9.) Even after the close of discovery in this case, Plaintiff has not offered evidence to rebut Defendant's evidence that the independent contractors do not deny claims. Rather, Defendant offers unrebutted evidence that it only uses licensed contractors as its service providers. (Kaszyinski Decl. ¶ 4-5.) Because Plaintiff has not successfully alleged the existence of a class-wide scheme to defraud, the Court concludes it is not appropriate to certify a class on the basis of Plaintiff's misrepresentation and false promise claims.

**B.    Superiority**

Rule 23(b)(3) requires the Court to find "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Considerations pertinent to this finding include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

The superiority requirement tests whether "class litigation of common issues will reduce

1 litigation costs and promote greater efficiency." Valentino v. Carter–Wallace, Inc., 97 F.3d
2 1227, 1234 (9th Cir. 1996). "If each class member has to litigate numerous and substantial
3 separate issues to establish his or her right to recover individually a class action is not
4 superior." Zinser, 253 F.3d at 1192. The Court concludes that the class action is not superior
5 to other available methods of adjudicating the controversy in light of the predominating
6 individual issues.

**III.    Requirements of Rule 23(b)(2)**

Plaintiff seeks certification of the nationwide class under Rule 23(b)(2), which permits certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Plaintiff seeks an injunction compelling First American to "re-adjust all claims submitted by Class members during the Class Period using properly trained class adjusters." (Doc. No. 87-3 at 2.) Plaintiff also seeks to enjoin Defendant from "using any person to perform any 'claims adjusting' activity who is not properly trained and who has not received written standards from First American concerning the prompt investigation and processing of claims." (Id.)

"The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them,'" Wal-Mart Stores, Inc., 131 S. Ct. at 2557 (quotation omitted). Rule 23(b)(2) "does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." Id. Because the relief requested in a (b)(2) class is prophylactic, enures to the benefit of each class member, and is based on accused conduct that applies uniformly to the class, notice to absent class members and an opportunity to opt out of the class is not required. Id. at 2558.

Defendant argues that Plaintiff's proposed mandatory injunction is not appropriate where, such as here, a party has an adequate remedy at law. Defendant also argues that Plaintiff's mandatory injunction is effectively a request that First American "specifically

perform" its contract obligations using "adequately trained" contractors, and as such, it is not authorized, because Plaintiff would not be entitled to specific performance of the contract. Plaintiff has not shown that Defendant engaged in a scheme to relegate its claims adjustment to non-employee contractors. See Wal-Mart Stores, Inc., 131 S. Ct. at 2553 (allegations of employer's general policy of discrimination require "significant proof"). An allegation that Defendant's administration of the home warranty plan might result in denial of future claims is purely speculative, and does not suffice to establish injury. As the Court noted, Plaintiff has not offered evidence to rebut Defendant's evidence that the independent contractors do not deny claims. Additionally, Defendant offered evidence that it denies approximately 4% of the claims. (Miles Barry Decl. ¶ 10.) Plaintiff has not submitted any facts to rebut this evidence, even though discovery is now closed. Accordingly, the Court concludes that an injunction to re-adjust all claims submitted by class members during class period is not appropriate in this case.

## Conclusion

For the reasons above, the Court DENIES Plaintiff's motion for class certification.

**IT IS SO ORDERED.**

DATED: September 8, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT