UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| **FILED** |
| --- |
| OCT 30 2013 |
| MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

EMILY DIAZ, on behalf of herself and
all others similarly situated,

               Plaintiff - Appellant,

  v.

FIRST AMERICAN HOME BUYERS
PROTECTION CORPORATION, a
California corporation,

              Defendant - Appellee.

No. 11-57239

D.C. No. 3:09-cv-00775-H-WMC
U.S. District Court for Southern
California, San Diego

**MANDATE**

     The judgment of this Court, entered October 04, 2013, takes effect this date.

     This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure. Each party shall bear its own

costs of appeal.

                        FOR THE COURT:
                        Molly C. Dwyer
                        Clerk of Court

                        Rhonda Roberts
                        Deputy Clerk

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMILY DIAZ, on behalf of herself and all others similarly situated,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>FIRST AMERICAN HOME BUYERS PROTECTION CORPORATION, a California corporation,<br>*Defendant-Appellee*. | No. 11-57239<br><br>D.C. No.<br>3:09-cv-00775-H-WMC<br><br>OPINION |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted
May 6, 2013—Pasadena, California

Filed October 4, 2013

Before: Harry Pregerson and Raymond C. Fisher, Circuit
Judges, and James S. Gwin, District Judge.[*]

Opinion by Judge Fisher

---

[*] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

## SUMMARY[**]

### Fed. R. Civ. P. 68 Offer of Judgment

The panel vacated the district court's dismissal of plaintiff's individual claims, and held that an unaccepted Fed. R. Civ. P. 68 offer of judgment made by the defendant did not render moot plaintiff's claims for misrepresentation, breach of contract, and breach of the implied covenant of good faith and fair dealing.

The panel, acknowledging a circuit split on the issue, held that an unaccepted Rule 68 offer that would fully satisfy a plaintiff's claim is insufficient to render the claim moot.

### COUNSEL

Edward D. Chapin and Francis A. Bottini (argued), Chapin Fitzgerald & Bottini LLP, San Diego, California, for Plaintiff-Appellant.

Joel D. Siegel (argued) and Paul M. Kakuske, SNR Denton US LLP, Los Angeles, California; Charles A. Newman, SNR Denton US LLP, St. Louis, Missouri; Edward Patrick Swan, Jones Day, San Diego, California, for Defendant-Appellee.

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**OPINION**

FISHER, Circuit Judge:

Emily Diaz, the owner of a home warranty plan from First American Home Buyers Protection Corporation, filed a class action complaint alleging that First American refused to make timely repairs, used substandard contractors and wrongfully denied claims.   She asserted state law claims for unfair competition, misrepresentation, concealment, breach of contract and breach of the implied covenant of good faith and fair dealing.   The district court dismissed Diaz's unfair competition and concealment claims under Federal Rule of Civil Procedure 12(b)(6).   Following denial of class certification, First American made an offer of judgment on Diaz's remaining individual claims pursuant to Federal Rule of Civil Procedure 68.   When Diaz did not accept the offer, First American moved to dismiss these claims for lack of subject matter jurisdiction.   Agreeing that First American's unaccepted Rule 68 offer rendered Diaz's remaining claims moot, the district court dismissed the claims under Federal Rule of Civil Procedure 12(b)(1), entering judgment in favor of neither party.   Diaz appealed.

We vacate the district court's dismissal of Diaz's remaining individual claims.   We hold that an unaccepted Rule 68 offer that would fully satisfy a plaintiff's claim is insufficient to render the claim moot.   *See McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005).   Diaz's remaining claims, therefore, were not made moot by her refusal to accept First American's Rule 68 offer, even assuming that the offer would have fully satisfied her claims. Accordingly, we vacate the Rule 12(b)(1) dismissal of Diaz's

claims for misrepresentation, breach of contract and breach of the implied covenant of good faith and fair dealing.[1]

## BACKGROUND

Emily Diaz brought this class action against First American Home Buyers Protection Corporation on behalf of a putative nationwide class consisting of all persons who made a claim under a home warranty plan obtained from First American after March 2003.  After First American removed the action to federal court, the district court issued a series of orders dismissing Diaz's claims for concealment, false promise, unfair competition and violation of the California Consumer Legal Remedies Act under Rule 12(b)(6).  In September 2011, the district court entered an order denying Diaz's motion for class certification.

A short time thereafter, First American made an offer of judgment to Diaz on her remaining individual claims – for misrepresentation, breach of contract and breach of the implied covenant of good faith and fair dealing – pursuant to Rule 68.  First American offered to allow judgment to be entered against it and in favor of Diaz in the total amount of $7,019.32, plus costs allowed under Rule 54.[2]  The offer

---

[1] We address the parties' remaining contentions in a concurrently filed memorandum disposition.

[2] The offer of judgment provided:

> First American has offered to allow judgment to be entered against it and in favor of Plaintiff in full resolution of her remaining individual claims asserted against First American in this action.  First American has offered Plaintiff judgment in the total amount of

further provided that, "[i]f this Offer is not accepted . . . , this Offer shall have no effect, be null and void, and be deemed withdrawn, and shall not be presented, admitted, or used for any purpose in any case or proceeding against First American." Diaz had until October 17, 2011 to accept the offer. She did not do so.

First American then filed a motion to dismiss the action for lack of subject matter jurisdiction. First American argued that the district court "should dismiss this action pursuant to Rule[] 12(b)(1) of the Federal Rules of Civil Procedure because the action is moot in light of Plaintiff's refusal to accept a Rule 68 Offer of Judgment for full satisfaction of the amount she could possibly recover at trial." Citing decisions by the Seventh and Fourth Circuits, *see Thorogood v. Sears, Roebuck & Co.*, 595 F.3d 750, 753 (7th Cir. 2010); *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th

---

$7,019.32, plus costs allowed under Rule 54 and now accrued that may be taxed by the Court, which, pursuant to Rule 54, do not include attorneys' fees. The total amount of $7,019.32 includes all damages and relief that could be awarded pursuant to final judgment on Plaintiff's claims, including: (a) Plaintiff's claimed damages, in the amount of $1,649.00 (calculated to include the claimed purchase price of the home warranty contracts ($660.00 and $750.00, respectively, for $1,410.00 total), Plaintiff's claimed out-of-pocket expenses for a repair in December 2008 ($129.00), and Plaintiff's claimed payments for service fees (two payments of $55.00, for $110.00 total); (b) pre-judgment interest in the total amount of $423.32, calculated pursuant to Cal. Civ. Code § 3287 *et seq.*; and (c) an additional amount of consideration of $4,947.00 (three times Plaintiff's claimed damages) for any other damages or relief sought by Plaintiff.

Cir. 1999); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th
Cir. 1991); *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir.
1986), First American argued that "[w]here, as here, a
plaintiff rejects a Rule 68 Offer of Judgment for the full
amount of relief, the district court loses subject matter
jurisdiction and must dismiss the action with prejudice."
Under these decisions, "[o]nce the defendant offers to satisfy
the plaintiff's entire demand, there is no dispute over which
to litigate, and a plaintiff who refuses to acknowledge this
loses outright, under Fed. R. Civ. P. 12(b)(1), because he has
no remaining stake." *Rand*, 926 F.2d at 598 (citation
omitted).

In ruling on First American's motion, the district court
agreed with First American that the Rule 68 offer would have
fully satisfied Diaz's remaining individual claims. With
respect to monetary relief, First American's offer provided
"the full amount of relief she is entitled to individually." The
court recognized that the Rule 68 offer did not provide for
injunctive or declaratory relief, each of which Diaz had
sought in her complaint. But the court found that Diaz was
not entitled to either of these forms of relief. The court
deemed Diaz's request for an injunction "not appropriate"
because "she has been offered, and declined, an adequate
remedy at law" and "she no longer holds a home warranty
plan with First American." Similarly, the court found that
Diaz's claim for declaratory relief was "duplicative of her
breach of contract and breach of the implied covenant claims"
and "superfluous" given that she no longer had a home
warranty plan with First American.

Having determined that First American's offer would
have provided Diaz complete relief on her remaining
individual claims, the court went on to hold that the

unaccepted offer was sufficient to render those claims moot. Like First American, in the absence of Ninth Circuit authority the court reached this conclusion by relying on decisions of the Seventh and Fourth Circuits, citing *Thorogood*, 595 F.3d at 753, *Greisz*, 176 F.3d at 1015, *Zimmerman*, 800 F.2d at 390, and *Rand*, 926 F.2d at 598. Having determined that the claims were moot, the court granted First American's motion and dismissed the claims for lack of subject matter jurisdiction. The court initially entered judgment against Diaz, but subsequently vacated that judgment and declined to enter judgment or award costs for either party. Diaz appealed.

## STANDARD OF REVIEW

"We apply a *de novo* standard for reviewing a district court's decision on subject matter jurisdiction, and, concomitantly apply that standard in reviewing questions of mootness." *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985) (citation omitted).

## DISCUSSION

Diaz argues that the district court erred by dismissing her remaining individual claims for lack of subject matter jurisdiction following her refusal to accept First American's Rule 68 offer of judgment. She maintains that these claims were not moot, because: (1) an unaccepted Rule 68 offer does not render a claim moot, even if the offer would have fully satisfied the plaintiff's claim; (2) even if such an offer does moot a claim, First American's offer did not provide complete relief; and (3) her remaining claims were not moot because she retained a personal stake in appealing the denial

of class certification.  We agree with Diaz's first argument and therefore do not reach her second and third contentions.

Diaz's first argument requires us to decide whether an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim is sufficient to render the claim moot.  The Supreme Court has yet to address this issue.  *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528–29 (2013) ("While the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, we do not reach this question, or resolve the split, because the issue is not properly before us." (footnote omitted)).  Nor have we squarely addressed the issue.  In *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091–92 (9th Cir. 2011), we held "that an unaccepted Rule 68 offer of judgment – for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification – does not moot a *class action*" (emphasis added), but we did not squarely address whether the offer mooted the plaintiff's *individual* claim.  We *assumed* that an unaccepted offer for complete relief will moot a claim, but we neither held that to be the case nor analyzed the issue.  *See id.* at 1090–92.  In *GCB Communications, Inc. v. U.S. South Communications, Inc.*, 650 F.3d 1257, 1267 (9th Cir. 2011), we noted that a case will "become moot" when "an opposing party has agreed to everything the other party has demanded," but we did not address the effects of an unaccepted Rule 68 offer, an issue not presented in that case.  We therefore treat this as an open question in this circuit.

Other circuits are divided on the question.  The Seventh Circuit holds that an unaccepted Rule 68 offer for complete relief will moot a plaintiff's claim and that the plaintiff loses

outright.  *See Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." (citation omitted)).[3]

The Sixth Circuit agrees with the Seventh Circuit that "an offer of judgment that satisfies a plaintiff's entire demand moots the case," but disagrees "with the Seventh Circuit's view that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire demand."  *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574–75 (6th Cir. 2009).  The Sixth Circuit holds that "the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment."  *Id.* at 575.

Finally, the Second Circuit disagrees with the Sixth and Seventh Circuit that an unaccepted Rule 68 offer for complete relief moots a plaintiff's claim, *see McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005) ("In the absence of an obligation to pay [the plaintiff] the $240 in claimed damages, the controversy between [the plaintiff] and [the defendant] is still alive."), but agrees with the Sixth Circuit that when such an offer has been made, the "better resolution" is to enter judgment against the defendant, although the Second Circuit may require as a precondition to entering such a judgment that the defendant expressly consents to its entry.  *See id.* ("At oral argument, both parties agreed that entry of a default judgment would satisfactorily

---

[3] In the absence of controlling Ninth Circuit precedent on point, the district court here followed the Seventh Circuit's approach.

resolve this case."). "Such a judgment would remove any live controversy from this case and render it moot." *Id.*[4]

Although the majority of courts and commentators appear to agree with the Seventh Circuit that an unaccepted offer will moot a plaintiff's claim,[5] four justices of the United States

---

[4] Still other circuits, including this one, have yet to address whether an unaccepted offer of judgment renders a claim moot. *See, e.g.*, *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1167 n.8 (11th Cir. 2012) (declining to decide "whether an offer for full relief, even if rejected, would be enough to moot a plaintiff's claims").

[5] *See, e.g.*, *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) ("When a Rule 68 offer unequivocally offers a plaintiff all of the relief 'she sought to obtain,' the offer renders the plaintiff's action moot." (citation omitted)); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011) ("As Rule 68 operates, if an offer is made for a plaintiff's maximum recovery, his action may be rendered moot."); *Thorogood v. Sears, Roebuck & Co.*, 595 F.3d 750, 752 (7th Cir. 2010) ("The offer exceeded the amount in controversy and so the case was moot."); *Samsung Elecs. Co. v. Rambus, Inc.*, 523 F.3d 1374, 1379 (Fed. Cir. 2008) ("An offer for full relief moots a claim for attorney fees."); *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 502 (5th Cir. 2005) ("[A] full settlement offer, even if refused, would dispose of [the plaintiff's] individual claims."); *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004) ("[U]nder traditional mootness principles, an offer for the entirety of a plaintiff's claim will generally moot the claim."); *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (holding that an offer of judgment that encompasses the relief claimed "eliminates a legal dispute upon which federal jurisdiction can be based," because "[y]ou cannot persist in suing after you've won"); 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3533.2 (3d ed. 2013) ("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case."); Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* ¶ 15:156.5 (9th ed. 2013) ("If a defendant offers judgment in complete satisfaction of plaintiff's claims, plaintiff's claims generally are rendered moot because plaintiff lacks any remaining interest in the

Supreme Court, as well as the Solicitor General of the United States, embraced a contrary position in *Genesis Healthcare*. As noted, the majority in *Genesis Healthcare* did not reach whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot. *See Genesis Healthcare*, 133 S. Ct. at 1528–29. In a dissenting opinion, however, Justice Kagan, writing for all four justices who reached the question, agreed with the Second Circuit that "an unaccepted offer of judgment cannot moot a case." *Id.* at 1533 (Kagan, J., dissenting); *accord* Brief for the United States as Amicus Curiae Supporting Affirmance, *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) (No. 11-1059), 2012 WL 4960359, at *10–15.

Justice Kagan explained:

> We made clear earlier this Term that "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2012) (internal quotation marks omitted). "[A] case becomes moot only when it is impossible for a court to

outcome of case."); 1 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 4:28 (9th ed. 2012) ("Traditional mootness principles provide that an offer of judgment under Federal Rule of Civil Procedure 68 that satisfies a plaintiff's entire demand moots the claim. The mere offer of full relief eliminates any concrete adversity between the plaintiff and defendant, and renders the underlying dispute moot by negating the plaintiff's personal stake in the dispute." (footnote omitted)); 1 Rubenstein & Conte, *Newberg on Class Actions* § 2:15 (5th ed. 2013) ("If the defendant makes a full offer of judgment pursuant to Rule 68, completely satisfying all of the named plaintiff's individual claims, then the named plaintiff's individual case necessarily becomes moot.").

grant any effectual relief whatever to the
prevailing party." *Ibid.* (internal quotation
marks omitted). By those measures, an
unaccepted offer of judgment cannot moot a
case. When a plaintiff rejects such an offer –
however good the terms – her interest in the
lawsuit remains just what it was before. And
so too does the court's ability to grant her
relief. An unaccepted settlement offer – like
any unaccepted contract offer – is a legal
nullity, with no operative effect. As every
first-year law student learns, the recipient's
rejection of an offer "leaves the matter as if no
offer had ever been made." *Minneapolis & St.
Louis R. Co. v. Columbus Rolling Mill*,
119 U.S. 149, 151 (1886). Nothing in Rule 68
alters that basic principle; to the contrary, that
rule specifies that "[a]n unaccepted offer is
considered withdrawn." Fed. Rule Civ. Proc.
68(b). So assuming the case was live before
– because the plaintiff had a stake and the
court could grant relief – the litigation carries
on, unmooted.

For this reason, [the plaintiff's] individual
claim was alive and well when the District
Court dismissed her suit. Recall: [the
defendant] made a settlement offer under Rule
68; [the plaintiff] decided not to accept it;
after 10 days, it expired and the suit went
forward. [The plaintiff's] individual stake in
the lawsuit thus remained what it had always
been, and ditto the court's capacity to grant
her relief. After the offer lapsed, just as

before, [the plaintiff] possessed an unsatisfied
claim, which the court could redress by
awarding her damages.   As long as that
remained true, [the plaintiff's] claim was not
moot, and the District Court could not send
her away empty-handed.   *So a friendly
suggestion to the Third Circuit: Rethink your
mootness-by-unaccepted-offer theory.  And a
note to all other courts of appeals: Don't try
this at home.*

*Genesis Healthcare*, 133 S. Ct. at 1533–34 (Kagan, J.,
dissenting) (some alterations in original) (emphasis added).

Justice Kagan also emphasized that nothing in Rule 68
authorizes a court to enter judgment in accordance with an
unaccepted offer:

Rule 68 precludes a court from imposing
judgment for a plaintiff . . . based on an
unaccepted settlement offer made pursuant to
its terms.  The text of the Rule contemplates
that a court will enter judgment only when a
plaintiff accepts an offer.  See Rule 68(a) ("If
. . . the [plaintiff] serves written notice
accepting the offer, either party may then file
the offer and notice of acceptance, plus proof
of service.   The clerk must then enter
judgment").  And the Rule prohibits a court
from considering an unaccepted offer for any
purpose other than allocating litigation costs
– including for the purpose of entering
judgment for either party.  See Rule 68(b)
("Evidence of an unaccepted offer is not

admissible except in a proceeding to determine costs"). That injunction accords with Rule 68's exclusive purpose: to promote voluntary cessation of litigation by imposing costs on plaintiffs who spurn certain settlement offers. See *Marek v. Chesny*, 473 U.S. 1, 5 (1985). The Rule provides no appropriate mechanism for a court to terminate a lawsuit without the plaintiff's consent.

*Id.* at 1536 (alterations in original).

We are persuaded that Justice Kagan has articulated the correct approach. We therefore hold that an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot. This holding is consistent with the language, structure and purposes of Rule 68 and with fundamental principles governing mootness. These principles provide that "[a] case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever to the prevailing party.'" *Knox v. Serv. Employees Int'l Union*, 132 S. Ct. 2277, 2287 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). Here, once First American's offer lapsed, it was, by its own terms and under Rule 68, a legal nullity. Diaz's

individual stake in the lawsuit thus remained what it had always been, and ditto the court's capacity to grant her relief. After the offer lapsed, just as before, [she] possessed an unsatisfied claim, which the court could redress by awarding her damages. As long as that remained true, [her] claim was not moot,

and the District Court could not send her away empty-handed.

*Genesis Healthcare*, 133 S. Ct. at 1534 (Kagan, J., dissenting). We recognize that a court may have "discretion to halt a lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrenders and only the plaintiff's obstinacy or madness prevents her from accepting total victory." *Id.* at 1536; *cf. McCauley*, 402 F.3d at 342; *Chathas v. Local 134 Int'l Bhd. of Elec. Workers*, 233 F.3d 508, 512–13 (7th Cir. 2000). That did not occur here, however. Accordingly, we vacate the Rule 12(b)(1) dismissal of Diaz's claims for misrepresentation, breach of contract and breach of the implied covenant of good faith and fair dealing and remand for further proceedings.

## CONCLUSION

We hold that the district court erred by dismissing Diaz's remaining individual claims for lack of subject matter jurisdiction. We vacate the dismissal of those claims and remand to the district court. For the reasons stated in the concurrently filed memorandum disposition, we also vacate dismissal of Diaz's concealment and unfair competition claims and lack jurisdiction to review the district court's order denying Diaz's motion to correct or modify the record. Each party shall bear its own costs of appeal.

## VACATED AND REMANDED.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMILY DIAZ, on behalf of herself and all others similarly situated, | No. 11-57239 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00775-H-WMC |
| v. | MEMORANDUM[*] |
| FIRST AMERICAN HOME BUYERS PROTECTION CORPORATION, a California corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted May 6, 2013
Pasadena, California

Before: PREGERSON and FISHER, Circuit Judges, and GWIN, District Judge.[**]

Emily Diaz appeals the final orders of the district court dismissing her state

law claims for concealment and unfair competition under Federal Rule of Civil

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Procedure 12(b)(6), dismissing her fraud, breach of contract and breach of the implied covenant of good faith and fair dealing under Rule 12(b)(1) and denying her motion to correct or modify the record under Federal Rule of Appellate Procedure 10(e).  For the reasons stated here, we vacate dismissal of Diaz's concealment and unfair competition claims and lack jurisdiction to review the order denying Diaz's motion to correct or modify the record.[1]

     **1.**  Diaz has adequately alleged a cause of action for concealment.  Although First American relies on *United Guaranty Mortgage Indemnity Co. v. Countrywide Financial Corp.*, 660 F. Supp. 2d 1163, 1186-87 (C.D. Cal. 2009), to argue that California Insurance Code § 332 does not impose a duty to disclose, California law is to the contrary.  *See Pastoria v. Nationwide Ins.*, 6 Cal. Rptr. 3d 148, 150, 152, 155 (Ct. App. 2003).  California law also recognizes an insurer's "special relationship" with an insured, under which an insurer has the duty reasonably to inform an insured of her rights under an insurance policy.  *See Vu v. Prudential Prop. & Cas. Ins. Co.*, 33 P.3d 487, 491-92 (Cal. 2001); *Davis v. Blue Cross of N. Cal.*, 600 P.2d 1060, 1065 (Cal. 1979).

---

[1] We address the parties' remaining contentions in a concurrently filed opinion.

We are not persuaded that Diaz was on notice of First American's allegedly concealed practices by virtue of online consumer complaints.  Diaz did not allege that she was aware of the online complaints at the time that she acquired her First American policy.  The fact that the complaints were in the public domain did not place her on constructive notice.  *See Vega v. Jones, Day, Reavis & Pogue*, 17 Cal. Rptr. 3d 26, 35 (Ct. App. 2004) ("[T]he contention that publicly available information cannot form the basis for a concealment claim is mistaken.  The mere fact that information exists somewhere in the public domain is by no means conclusive."); 5 B.E. Witkin, Summary of California Law, Torts § 813, p. 1175 (10th ed. 2005) ("The mere existence of an opportunity to investigate, or of sources of information, will not preclude the plaintiff from relying on the representations.").   Furthermore, even if Diaz had constructive knowledge of the online complaints, she would have been justified in treating them as the opinions of unhappy customers rather than assuming them to be true.

Diaz also pled concealment with sufficient particularity to satisfy Fed. R. Civ. P. 9(b).  The first amended complaint alleged that First American denied the sewage backup claim on a pretextual ground and that Diaz was required to hire her own plumber to fix the problem.  It alleged that First American sent an incompetent plumber to fix the leaking water heater who was unable to do so and

3

tried to get Diaz to agree to replace the water heater.  So Diaz was required to hire her own plumber, who fixed the problem without replacing the water heater. These allegations are linked to the complaint's concealment allegations, which include the allegation that First Amendment denies claims for pretextual reasons and uses substandard contractors.  The complaint, moreover, alleged that Diaz would not have entered into a home warranty contract with First American if she had been aware of the facts that First American allegedly failed to disclose.  These allegations assert causation with sufficient particularity.

    **2.**  In light of *Zhang v. Superior Court*, 304 P.3d 163 (Cal. 2013), Diaz adequately alleged violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, because her claims are premised on fraud, breach of contract and breach of the implied covenant of good faith and fair dealing, even if First American's alleged conduct also may have violated the Unfair Insurance Practices Act.  *See Zhang*, 304 P.3d at 177 ("[W]hen insurers engage in conduct that violates both the UIPA and obligations imposed by other statutes or the common law, a UCL action may lie.").  *Zhang* expressly disapproves of *Textron Financial Corp. v. National Union Fire Insurance Co.*, 13 Cal. Rptr. 3d 586 (Ct. App. 2004), upon which First American relies.  *See Zhang*, 304 P.3d at 176.

4

The district court's dismissal of Diaz's unfair competition claim may not be affirmed on the alternative grounds urged by First American.  First, as we have already explained in connection with Diaz's claim for concealment, she has alleged reliance with adequate particularity.  Furthermore, even if Diaz had not pled fraud with sufficient particularity, her unfair competition claims are also predicated on breach of contract and breach of the implied covenant of good faith and fair dealing.  Second, we reject First American's contention that Diaz has no claim for restitution because her home warranty premiums were paid by the seller.  The complaint does not disclose who paid the premiums.  Furthermore, even if they were paid by the seller, this would not necessarily preclude Diaz from relief. Regardless of who paid the premiums, there is no question that Diaz was the beneficiary of the home warranty plan and that Diaz – at least in some sense – paid for the plan by delivering the purchase price of the building to the seller. California courts do not categorically bar the recovery of restitution by a plaintiff who paid a third party rather than paying the defendant directly.  *See Troyk v. Farmers Grp., Inc.*, 90 Cal. Rptr. 3d 589, 616-18 (Ct. App. 2009); *Shersher v. Superior Court*, 65 Cal. Rptr. 3d 634, 636 (Ct. App. 2007).

**3.**  Because Diaz did not file a timely notice of appeal challenging the district court's order denying her Fed. R. App. P. 10(e) motion to correct or modify

the record, we lack jurisdiction to address it.  *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 1001 (9th Cir. 2012) ("If there has been no timely notice of appeal from an order, a circuit court of appeal has no jurisdiction to review that order."). Diaz points out that she filed a motion to file a replacement brief within 30 days of the district court's Rule 10(e) order, and she argues that this motion should be construed as a notice of appeal under *Intel Corp. v. Terabyte International, Inc.*, 6 F.3d 614, 618 (9th Cir. 1993).  Unlike the opening brief in *Intel Corp.*, however, Diaz's motion to file a replacement brief did not satisfy the requirements of Fed. R. App. P. 3.

Each party shall bear its own costs of appeal.

**VACATED AND REMANDED.**

6