BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
fbottini@bottinilaw.com
Yury A. Kolesnikov (SBN 271173)
ykolesnikov@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002

*Attorneys for Plaintiff Emily Diaz*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY DIAZ, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>FIRST AMERICAN HOME BUYERS PROTECTION CORPORATION, a California Corporation,<br><br>　　　　　　　　　　Defendant. | Case No. 09-cv-775 BAS (JLB)<br><br>**Plaintiff's Memorandum of Points and Authorities in Support of Motion for Consolidation of Related Class Actions**<br><br>Hearing Date: August 4, 2014<br>Time:　　　 N/A<br>Judge:　　　 Hon. Cynthia Bashant<br>Courtroom:　 4B<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |
| NANCY CARRERA, ANNA HERSHEY, KARENE JULLIEN, and BRENT MORRISON, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>FIRST AMERICAN HOME BUYERS PROTECTION COMPANY, a California Corporation, and DOES 1-20<br><br>　　　　　　　　　　Defendant. | Case No. 13-cv-1585 BAS (JLB) |

# INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiff Emily Diaz ("Diaz") seeks consolidation of two related class actions pending before this Court against Defendant First American Home Buyers Protection Corporation ("First American").[1] Consolidation is appropriate because the two class actions arise out of the same nucleus of operative facts and involve overlapping legal issues as well as claims and defenses. Moreover, consolidation would conserve the resources of the parties and judicial resources and would avoid duplicative proceedings and inconsistent adjudications.

# BACKGROUND

## I. Common Substantive Allegations

The two related actions are consumer class actions brought on behalf of a class of consumers against First American, a company selling home-warranty plans in California and throughout the United States. Declaration of Yury A. Kolesnikov ("Kolesnikov Decl."), Exs. 1 (¶¶ 1-2), 2 (¶¶ 4-5). Both actions allege that during the period from September 22, 2003 through the present, First American engaged in unlawful practices while marketing and servicing its home-warranty plans, including, among other things: breach of contract, deceit, and violations of California's unfair competition law ("UCL"). *See, e.g., id.*, Exs. 1 (¶¶ 31-41), 2 (¶¶ 51-55). Both actions allege that while First American promises that it will repair or replace a home system or an appliance covered under its home-warranty plan, in reality, First American systematically refuses to replace covered items and, in fact, specifically instructs its contractors to repair rather than replace covered items. *Id.*, Exs. 1 (¶¶ 31, 33-35, 41), 2 (¶¶ 52, 55).

## II. Procedural History of Both Actions

Emily Diaz commenced the first-filed action against First American on March 6, 2009 in the San Diego Superior Court. *Id.* ¶ 2. On April 15, 2009, First American

---

[1] The two actions are *Diaz v. First American Home Buyers Protection Corp.*, No. 09-cv-775 BAS (JLB) (S.D. Cal.) ("*Diaz* Action"), and *Carrera v. First American Home Buyers Protection Co.*, No. 13-cv-1585 BAS (JLB) (S.D. Cal.) ("*Carrera* Action").

1  removed the *Diaz* Action to this Court. *Id.* Following several rounds of motion
2  practice, the Court dismissed Diaz's concealment and UCL claims, denied Diaz's motion
3  for class certification as to the remaining claims, and dismissed Diaz's action when she
4  refused to accept First American's Rule 68 offer of judgment for her individual claims.
5  *Id.* ¶ 3. Diaz appealed and, on October 4, 2013, the Ninth Circuit Court of Appeals
6  vacated and remanded. *See Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948 (9th
7  Cir. 2013); *Diaz v. First Am. Home Buyers Prot. Corp.*, 541 F. App'x 773 (9th Cir. Oct. 4,
8  2013). The Ninth Circuit vacated the dismissal of Diaz's individual claims for lack of
9  subject matter jurisdiction. *Diaz*, 732 F. 3d at 954-55. The Ninth Circuit also vacated
10 the dismissal of Diaz's concealment and UCL claims. *Diaz*, 541 F. App'x at 774-76.

11 The *Diaz* Action has now been remanded and is pending before this Court.
12 Kolesnikov Decl. ¶ 4. The following individual claims remain: (1) breach of contract;
13 (2) breach of the implied covenant of good faith and fair dealing; (3) intentional
14 misrepresentation in violation of CAL. CIV. CODE § 1710(1); (4) negligent
15 misrepresentation in violation of CAL. CIV. CODE § 1710(2); and (5) false promise in
16 violation of CAL. CIV. CODE § 1710(4). Kolesnikov Decl. ¶ 5. In addition, the following
17 class claims remain, as to which Diaz has not previously moved for class certification:
18 (1) concealment in violation of CAL. CIV. CODE § 1710(3); and (2) a UCL claim under
19 CAL. BUS. & PROF. CODE § 17200 *et seq.* Kolesnikov Decl. ¶ 6.[2]

20 Nancy Carrera commenced an action against First American on September 23,
21 2009 in the Los Angeles Superior Court. *Id.* ¶ 7. Defendant thrice removed the action
22 to the U.S. District Court for the Central District of California, followed by transfers to
23 this Court. *Id.* This Court twice remanded the action. *Id.* On September 6, 2013,
24 following First American's third removal, the Court denied plaintiffs' motion to remand.
25 *Id.* Following the Ninth Circuit's decision in *Diaz*, plaintiffs in the *Carrera* Action

---

[2] Diaz did not have an opportunity to move to certify the concealment and UCL claims because they were dismissed at the pleading stage, prior to the time Diaz filed her motion for class certification. Kolesnikov Decl. ¶ 6.

1  requested and were granted leave to file an amended complaint.  *Id.* ¶ 8.  Plaintiffs filed
2  the Third Amended Complaint ("TAC") on November 6, 2013.  *Id.* ¶ 8, Ex. 2.  On
3  January 17, 2014, the Court denied Defendant's motion to dismiss the TAC.  *Id.* ¶ 8.
4      The *Carrera* Action alleges the following class claims:  (1) tortious breach of the
5  implied covenant of good faith and fair dealing; (2) concealment in violation of CAL.
6  CIV. CODE § 1710(3); (3) promissory fraud in violation of CAL. CIV. CODE § 1710(4); (4)
7  a UCL claim under CAL. BUS. & PROF. CODE § 17200 *et seq.*; and (5) false advertising in
8  violation of CAL. BUS. & PROF. CODE § 17500 *et seq.*  Kolesnikov Decl. ¶ 9.  It also
9  alleges individual claims for:  (1) breach of contract; and (2) declaratory relief.  *Id.*

10  **ARGUMENT**

11      Rule 42(a) provides that "[i]f actions before the court involve a common question
12  of law or fact, the court may . . . consolidate the actions."  FED. R. CIV. P. 42(a)(2).  The
13  purpose of consolidation under Rule 42(a) is "to enhance efficiency of the trial court by
14  avoiding unnecessary duplication of evidence and procedures" and "to avoid
15  inconsistent adjudications."  *Team Enters., LLC v. W. Inv. Real Estate Trust*, No. 1:08-cv-
16  00872-LJO-SMS *et seq.*, 2008 WL 4712759, at *1 (E.D. Cal. Oct. 23, 2008).  The Court
17  has broad discretion to order consolidation of cases pending in the same district.  *See*
18  *Investors Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989).
19      Rule 42 does not demand that the actions be identical before they may be
20  consolidated.  *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999).
21  "Rather, in deciding whether to consolidate actions under Rule 42(a), a court must
22  balance the savings of time and effort consolidation will produce against any
23  inconvenience, delay, confusion, or prejudice that may result."  *Id.*
24  **I.    Consolidation Is Appropriate**
25      In this case, consolidation is appropriate for three reasons.  First, consolidation is
26  appropriate because the actions share common questions of law and fact.  Second,
27  consolidation would promote convenience of the parties, witnesses, and counsel.  Third,
28  consolidation would conserve judicial resources as well as the resources of the parties.

### A. Common Questions of Law and Fact

Consolidation is appropriate because the *Diaz* and *Carrera* Actions share common questions of law and fact. Both actions are brought against First American on behalf of First American's customers. Kolesnikov Decl. ¶ 10. Both actions allege that First American engages in unfair, fraudulent, and unlawful business practices by promising replacement services to its consumers, even though First American has no intention of replacing – as opposed to repairing – a covered item and, in fact, encourages its contractors not to replace covered items and instead to improperly shift most of the cost of any covered claim to the insured consumers. *Id.*

Both actions also share overlapping class claims alleging (1) concealment and (2) violations of the UCL. *Id.* ¶ 11. Among other things, the Court would need to apply the California Supreme Court's recent decision in *Zhang v. Superior Court*, 57 Cal. 4th 364 (2013), which clarified the relevant law governing the UCL, particularly regarding the viability of a UCL claim predicated on common law claims that also allege violations of the Unfair Insurance Practices Act. Indeed, this was one of the grounds underlying the Ninth Circuit's vacatur and remand in the *Diaz* Action. *See Diaz v. First Am. Home Buyers Prot. Corp.*, 541 F. App'x 773, 775-76 (9th Cir. Oct. 4, 2013).

These common questions of law and fact predominate over any individual issues, and, therefore, consolidation is appropriate. *See Nat'l R.R. Passenger Corp. v. Camargo Trucking*, No. 1:12–cv–775 AWI–BAM *et seq.*, 2013 WL 101811, at *2 (E.D. Cal. Jan. 8, 2013) ("consolidation may be proper in instances where numerous lawsuits arise from the same common nucleus of operative facts"); *Team Enters.*, 2008 WL 4712759, at **1-2 (consolidating two actions involving "the same property . . . , the same or similar parties, and similar claims," and where "the two actions share the factual issues of determining the identity, and the extent of the responsibility, of the parties responsible").

### B. Convenience of the Parties, Witnesses, and Counsel

Consolidation is appropriate because it would promote the convenience of the parties, witnesses, and counsel. Plaintiffs in both actions are represented by the same

counsel. Kolesnikov Decl. ¶ 12. First American is represented by the same counsel in both actions. *Id.* Thus, consolidation would be in the best interests of all parties and counsel. Moreover, should both actions proceed to trial, they would involve substantially the same witnesses. Thus, consolidation would also be in the best interest of the witnesses because it would require them to appear in court only once. *Id.* ¶ 13.

### C. Judicial Efficiency

Consolidation would significantly reduce the expenditure of judicial resources and the resources of the parties. The *Diaz* and *Carrera* Actions are likely to require resolution of numerous complicated pretrial legal issues. Having the Court decide each issue only once, instead of twice, would greatly conserve both the resources of the parties as well as the resources of the Court. Accordingly, consolidation is appropriate. *See Team Enters.*, 2008 WL 4712759, at *1 (consolidation is appropriate to avoid "unnecessary duplication of evidence and procedures" and to avoid "inconsistent adjudications").

## II. There Will Be No Prejudice to First American

Consolidation would not result in any prejudice to First American. In fact, First American has on numerous occasions contended that the *Diaz* and *Carrera* Actions are "identical" and share common issues of fact and law. *See* Kolesnikov Decl. ¶ 14; *see also id.*, Ex. 3 at 1 (First American's motion to stay the *Carrera* Action in favor of the *Diaz* Action, acknowledging that "*Carrera* and *Diaz* identify almost identical 'questions of law and fact' and seek to represent nearly identically defined classes"). Likewise, First American has thrice removed the *Carrera* Action to federal court and then sought transfer to this Court, where the *Diaz* Action was pending, on the ground that the two actions are identical and should be handled by the same court. *Id.* ¶ 14.

Nor would consolidation result in any undue inconvenience, delay, or confusion that would outweigh "the savings of time and effort consolidation will produce." *See Takeda*, 67 F. Supp. 2d at 1133 (C.D. Cal. 1999). On the contrary, there will be no undue delay or confusion. And consolidation would in fact promote the convenience of the parties, witnesses, and counsel as well as judicial efficiency.

# CONCLUSION

For the foregoing reasons, the Court should grant the motion for consolidation and consolidate the *Diaz* and *Carrera* Actions for all purposes.

Dated: July 3, 2014

Respectfully submitted,
BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (175783)
Yury A. Kolesnikov (271173)

s/ Francis A. Bottini, Jr.
Francis A. Bottini, Jr.

7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002

*Attorneys for Plaintiff Emily Diaz*