1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

EMILY DIAZ, on behalf of herself
and all others similarly situated,

12

Plaintiff,

13

v.

14

FIRST AMERICAN HOME
BUYERS PROTECTION
COMPANY,

15
16

Defendant.

17

Case No.  09-CV-00775-BAS(JLB)

**ORDER GRANTING
PLAINTIFF'S MOTION FOR
CONSOLIDATION OF RELATED
CLASS ACTIONS**

(ECF No. 170)

18
19
20
21
22
23
24
25
26
27

Presently before the Court is a motion for consolidation of related class action cases filed by Plaintiff Emily Diaz ("Diaz").  (ECF No. 170.)  Pursuant to Federal Rule of Civil Procedure 42(a)(2), Diaz seeks to consolidate this matter, *Diaz v. First Am. Home Buyers Protection Co*., Case No. 09-cv-00775-BAS(JLB) (S.D. Cal.) ("*Diaz*"), with *Carrera v. First Am. Home Buyers Protection Co.*, Case No. 13-cv-1585 BAS(JLB) (S.D. Cal.) ("*Carrera*"), which is also before this Court.   Diaz argues that consolidation is appropriate because the actions share common questions of law and fact, and consolidation would promote convenience of the parties, witnesses, and counsel, as well as conserve judicial resources and the resources of the parties.  (ECF No. 170-1 at p. 3, lines 25-28.)

28

Defendant First American Home Buyers Protection Co. ("First American"),

which is the defendant in both cases, has filed a limited opposition.  (ECF No. 176.)
First American does not oppose consolidation, but requests that the Court spell out
the specifics of any effort to coordinate in detail.  (*Id*. at p. 3.)  First American
specifically makes certain requests concerning discovery and any motion for class
certification.  (*Id*.)

The Court finds this motion suitable for determination on the papers submitted
and without oral argument.  *See* Civ. L.R. 7.1(d)(1).  For the following reasons, the
Court **GRANTS** Diaz's motion for consolidation of related class actions.

# I.     BACKGROUND

## A.     *Diaz* Action

Diaz commenced this class action in San Diego County Superior Court in
March 2009.  On April 15, 2009, First American removed the action to federal court.
First American thereafter moved to dismiss certain causes of action.  On June 22,
2009, the Court granted in part First American's motion to dismiss, which included
dismissal of Diaz's Unfair Competition Law, California Business and Professions
Code §§ 17200, *et. seq*. ("UCL") claim to the extent it relies on a violation of
California Insurance Code §§ 790 *et seq*. or the Consumer Legal Remedies Act.

On July 24, 2009, Diaz filed a First Amended Complaint ("FAC").  First
American subsequently moved to dismiss certain causes of action in the FAC.  On
September 21, 2009, the Court dismissed Diaz's UCL claim to the extent it relies on
the violations of section 300 *et seq*. of the California Insurance Code and section
7000 *et seq*. of the California Business and Professions Code, and Diaz's fraudulent
concealment claims.  First American filed an Answer to the FAC on October 21,
2009.

Diaz filed a Second Amended Complaint ("SAC") with leave of Court on
May 17, 2010.  First American thereafter moved to dismiss certain causes of action
in the SAC.  On July 23, 2010, the Court granted First American's motion to dismiss
the UCL claim and struck paragraphs 41(b)-(e) from the SAC.  First American filed

an Answer to the SAC on August 23, 2010.  On July 1, 2011, Diaz moved for reconsideration of the Court's order dismissing her UCL claim, which the Court denied on October 4, 2011.

On July 8, 2011, Diaz moved for class certification.  Diaz sought to certify two classes, a damages class under Federal Rule of Civil Procedure 23(b)(2), and a class seeking rescission and restitution damages under Rule 23(b)(3).  On September 8, 2011, the Court denied Diaz's motion for class certification.  Following the Court's denial of class certification, on October 31, 2011, First American moved to dismiss for lack of subject matter jurisdiction on the grounds Diaz refused to accept First American's Rule 68 Offer of Judgment for an amount greater than any amount she could possibly recover at trial.  On November 29, 2011, the Court granted the motion to dismiss.  A Clerk's Judgment was entered on November 30, 2011.

On December 28, 2011, Diaz appealed the Clerk's Judgment, as well as the order dismissing for lack of subject matter jurisdiction, the order denying class certification (which was ultimately not appealed), and the dismissal orders on all three complaints.  Subsequently, on January 18, 2012, Diaz moved to set aside the dismissal order for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 60(b).  The Court vacated the Clerk's Judgment on February 16, 2012.  On November 18, 2013, the Ninth Circuit vacated the district court's dismissal of Diaz's individual claims and vacated the dismissal of Diaz's concealment and unfair competition claims.

The remaining claims in the *Diaz* matter therefore include class claims for (1) concealment and (2) violation of the UCL, and individual claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) intentional misrepresentation, (4) negligent misrepresentation, and (5) false promise. (ECF No. 170-4.)

**B.**   *Carrera* **Action**

On September 23, 2009, Nancy Carrera filed a class action complaint in Los

1   Angeles Superior Court.  Thereafter, on December 17, 2010, Ms. Carrera moved to
2   intervene in the *Diaz* action on the grounds her claims share common questions of
3   law and fact.  Ms. Carrera argued in her motion that her complaint not only raised
4   claims similar to those raised in Diaz's Complaint, but was styled from Diaz's
5   complaint.  Diaz did not oppose the intervention.  First American opposed the
6   intervention on the grounds that it was untimely, but agreed that the majority of
7   Carrera's state court complaint is indistinguishable from Diaz's various complaints.
8   On January 12, 2011, the Court denied Ms. Carrera's motion to intervene on the
9   grounds that it was not timely.

10       First American removed the *Carrera* case to federal court three times.  Twice
11   it was remanded.  On September 6, 2013, following First American's third removal,
12   the Court denied a motion to remand.  Following the Ninth Circuit's decision in this
13   matter, leave was granted to file an amended complaint, which was filed on
14   November 6, 2013.  On January 17, 2014, the Court denied First American's motion
15   to dismiss the Third Amended Complaint.

16       The Third Amended Complaint in *Carrera* alleges the following class claims:
17   (1) tortious breach of the implied covenant of good faith and fair dealing; (2)
18   concealment; (3) promissory fraud; (4) a UCL claim; (5) false advertising; and (6)
19   declaratory relief.  (ECF No. 170-5 (Exh. 2).)  It also alleges an individual claim for
20   breach of contract.  (*Id.*)

21   **II.    LEGAL STANDARD**

22       Federal Rule of Civil Procedure 42(a)(2) provides that when "actions before
23   the court involve a common question of law or fact, the court may…consolidate the
24   actions."  Fed. R. Civ. P. 42(a)(2).  The purpose of consolidation is to enhance court
25   efficiency and to avoid substantial danger of inconsistent adjudications.  *E.E.O.C. v.*
26   *HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998); *Bank of Montreal v. Eagle*
27   *Associates*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987).  "The party moving for
28   consolidation bears the burden of proving that consolidation is desirable."  *Servants*

*of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F.Supp. 1560, 1572 (D.N.M. 1994).

Courts recognize that class action suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F.Supp. 161, 176 (C.D. Cal. 1976). Consolidation further facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately. *Id.*

"The threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law." *Seguro de Servicio de Salud v. McAuto Sys. Grp.*, 878 F.2d 5, 8 (1st Cir. 1989). However, "[t]he mere existence of common issues, a prerequisite to consolidation, does not require consolidation." *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F.Supp. 759, 761 (D. Del. 1991).

Ultimately, "[t]he district court has broad discretion…to consolidate cases pending in the same district." *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989); *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). In exercising its broad discretion, the court should "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene*, 743 F.2d at 704; *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989) ("To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation.").

## III. DISCUSSION

First American agrees with Diaz that some degree of coordination between the *Diaz* and *Carrera* actions is warranted. (ECF No. 176.) The Court agrees as well. Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Aronson v. McKesson HBOC, Inc.*, 79 F.Supp.2d 1146, 1150 (N.D. Cal. 1999). Here, the *Diaz* and *Carrera* actions are both consumer class actions brought by the same counsel on behalf of a class of consumers against

the same defendant, First American, a company which sells home-warranty plans (or home protection contracts) in California and throughout the United States. (ECF No. 170-4 at ¶¶ 1, 2, 24-25; ECF No. 170-5 at ¶¶ 4, 5, 35.) Both actions allege that during the period from 2003 through the present, First American engaged in unlawful practices while marketing and servicing its home-warranty plans (or home protection contracts). (*See e.g.*, ECF No. 170-4 at ¶¶ 1, 13, 31-41; ECF No. 170-5 at ¶¶ 4, 20-21, 51-55.) Both actions further allege that while First American "advertises that it provides its customers with 'relief from the hassle and expense of household systems and appliance breakdowns'" and will repair or replace a household system or an appliance covered under its home-warranty plan, in reality, First American systematically refuses to replace covered items and, in fact, specifically instructs its contractors to repair rather than replace covered items. (*See e.g.*, ECF No. 170-4 at ¶¶ 2, 5-6, 31, 33-35, 41; ECF No. 170-5 at ¶¶ 5-8, 52, 55.)

The actions also share certain remaining claims. Both actions share class claims for concealment and violation of the UCL. Therefore, the matters would involve many of the same arguments, documents and witnesses in any motion or trial. (ECF No. 170-1 at p. 5.) Furthermore, the operative complaints in both actions – which were admittedly modeled on each other – purport to represent an overlapping putative class. In *Carrera*, Plaintiffs bring suit on behalf of themselves and the following class:

> All persons and entities in the United States (or alternatively, in the State of California) who, during the period from September 22, 2003 through the present..., purchased or received a home protection contract issued by Defendant First American Home Buyers Protection Corporation.

(ECF No. 170-5 at ¶ 20.) Plaintiffs also bring suit on behalf of the following subclass:

> All persons and entities in the United States (or alternatively, in the State of California) during the period from September 22, 2003 to the present..., who received home protection contracts issued by

> Defendant First American Home Buyers Protection Company, were listed as the insured on the contract, and who made a claim that was denied, or was covered but where the insured had to pay any amount other than the service call fee.

(*Id.* at ¶ 21.)  Diaz similarly brings her action on behalf of herself and the following class:

> All persons and entities in the United States who, during the period from approximately March 6, 2003, through the present…, purchased and/or made a claim under, a home-warranty policy issued by Defendant First American Home Buyers Protection Corporation.  Excluded from the class are defendants and their parents, subsidiaries, affiliates, all governmental entities, and co-conspirators.

(ECF No. 170-4 at ¶ 13.)

Given that the two actions raise common questions of law and fact and are brought by the same counsel on behalf of an overlapping putative class against the same defendant, the Court finds that consolidation would promote efficiency, conserve judicial resources, and be in the best interests of the Court, the parties, and any potential witnesses.

While the parties agree that the two matters should be consolidated, the parties disagree on the extent of any consolidation.  First American argues that since the matters are at different points in their respective litigation, they should be consolidated in a limited way.  First American notes that in *Diaz,* the discovery cut-off deadline has already passed, Diaz's motion for class certification has been denied, and a pretrial order has already issued; while in *Carrera*, "merits" discovery is still open and the parties have yet to brief the class certification question.  (ECF No. 176 at p. 2.)   In light of the foregoing, First American does not object to the proposal to apply the current scheduling dates in *Carrera* to the *Diaz* action as well, but argues that no further non-expert discovery should be permitted in *Diaz* because the non-expert discovery deadline has already passed.  (*Id.* at pp. 2-3.)  First American also requests that any motion for class certification be combined in a

single motion.  (*Id.* at p. 3.)

Diaz, on the other hand, contends that the *Diaz* and *Carrera* Actions should be consolidated for *all purposes* and a uniform discovery schedule should be implemented (ECF No. 170-1 at p. 6; ECF No. 178 at pp. 2-3.)  Diaz argues that the differing procedural postures of the cases does not hinder consolidation because (1) Diaz's class concealment and UCL claims were dismissed prior to discovery cut-off, thus Diaz never had an opportunity to conclude her discovery as to these claims; (2) Diaz's concealment and UCL claims were dismissed early on, therefore Diaz never moved for class certification as to these claims; and (3) any discovery on the concealment and UCL claims would be "nearly identical" in both actions.  (ECF No. 178 at pp. 3-4.)

Based on the foregoing, the Court finds that consolidation for all purposes under Rule 42(a)(2) is warranted.  Such consolidation would avoid confusion and duplication, as well as promote judicial economy.  The Court further finds that applying the May 15, 2014 Scheduling Order issued in *Carrera* to the consolidated action, with one limited exception, would promote efficiency and avoid unnecessary cost and delay.  As First American noted, non-expert discovery in the *Diaz* action has already passed.  Diaz had a full opportunity to conduct discovery as to her individual claims. Therefore, no further non-expert discovery may be conducted as to her individual claims.  However, given the early dismissal of her class claims for violation of the UCL and concealment, Diaz has not had a full opportunity to conduct non-expert discovery on these claims.  Moreover, these class claims overlap with claims in the *Carrera* action for which non-expert discovery is still ongoing.  Accordingly, the non-expert discovery deadlines in the *Carrera* Scheduling Order apply to Diaz's remaining class claims.

The Court further finds, pursuant to its inherent authority to control its docket and fashion consolidated pretrial procedures to further the administration of justice and promote judicial economy, that consolidated briefing, as further laid out below,

is appropriate.  A district court may order a consolidated complaint pursuant to Federal Rule of Civil Procedure 42(a) and the court's discretionary and inherent powers, so long as such consolidation does not cause serious prejudice to the right of a party to litigate its claims or defense.  *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F.Supp. at 176–77; *Shadd v. Cnty of Sacramento*, 2013 WL 6389132, at *3 (E.D. Cal. Dec. 6, 2013); *Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354, 1358-60 (2d. Cir. 1975); *Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002); *see also* Fed. R. Civ. P. 42(a)(3) ("If actions before the court involve a common question of law and fact, the court may…issue any other orders to avoid unnecessary cost or delay."); *Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc*., 146 F.3d 1071, 1074 (9th Cir. 1998) ("It is well established that district courts have inherent power to control their dockets.…" (internal quotations and alterations omitted)).  The Court finds that consolidated briefing will promote efficiency, conserve resources, reduce confusion, and not cause prejudice to any party.  Indeed, Diaz  has requested consolidation for all purposes, and First American has requested consolidated briefing on class certification.  (ECF No. 176 at p. 3.)

## IV.    CONCLUSION & ORDER

In  light  of  the  foregoing,  the  Court  **GRANTS**  Diaz's  Motion  for Consolidation  of  Related  Class  Actions.    Accordingly,  **IT  IS  HEREBY ORDERED**:

1.    Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the following actions are hereby consolidated for all purposes, including discovery, with the limitation laid out below, pre-trial proceedings, and trial, into one action: (1) *Diaz  v.  First  American  Home  Buyers  Protection  Co*., Case No. 09-cv-00775-BAS(JLB) (S.D. Cal.); and (2) *Carrera v. First Am. Home Buyers Protection Co.*, Case No. 13-cv-1585 BAS(JLB) (S.D. Cal.).

2.    These actions shall be referred to herein as the "Consolidated Action."

3.    The docket in Case No. 13-cv-01585 shall constitute the master docket

for the Consolidated Action, and all future filings shall be made under this case number only and shall bear the following caption: *In re First American Home Buyers Protection Corporation Class Action Litigation*, Lead Case No. 13-cv-01585 BAS (JLB).

4.     All dates in the Scheduling Order issued in the Lead Case, Case No. 13-cv-01585 BAS (JLB) (ECF No. 92) apply to the Consolidated Action, except as follows:

      a.     No additional non-expert discovery is permitted with respect to Diaz's remaining individual claims; and

      b.     Plaintiffs' class certification motion shall be filed on or before November 24, 2014.

5.     Plaintiffs shall file a consolidated complaint in the Consolidated Action within fifteen (15) days of the filing date of this Order.  The consolidated complaint shall not add any new allegations or causes of action without leave of Court.  The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.

6.     Defendant shall file an answer to the consolidated complaint no later than October 31, 2014.  No new affirmative defenses or counterclaims may be added without leave of Court.

**IT IS SO ORDERED.**

**DATED:  September 24, 2014**

Hon. Cynthia Bashant
United States District Judge